IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM OCONNOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:22-cv-02961 |
| | : | |
| JEFF HUBER, *et al.*, | : | CHIEF JUDGE ALGENON L. MARBLEY |
| | : | |
| Defendants, | : | MAGISTRATE JUDGE DEAVERS |
| | : | |
| UPSTART HOLDINGS, INC., | : | |
| | : | |
| Nominal Defendant. | : | |

| | | |
|---|---|---|
| KIMBERLY CHUNG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:22-cv-03620 |
| v. | : | |
| | : | |
| JEFF HUBER, *et al.*, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| UPSTART HOLDINGS, INC., | : | |
| | : | |
| Nominal Defendant. | : | |

**ORDER**

This matter is before the Court on the Parties' Joint Motion to Consolidate Cases, Appoint

Co-Lead Counsel, and Stay the Consolidated Action (ECF No. 14, Case No. 2:22-cv-02961; ECF

No. 6, Case No. 2:22-cv-03620).  For the reasons articulated below, the Parties' Motion is

**GRANTED**.

1

## I.      Background

Plaintiff William OConnor filed a derivative action on behalf of nominal defendant Upstart

Holdings, Inc. ("Upstart"), on July 28, 2022 (the "OConnor Derivative Action").  (ECF No. 1,

Case No. 2:22-cv-02961).   Plaintiff Kimberly Chung filed a separate derivative action on behalf

of nominal defendant Upstart in this Court two months later (the "Chung Derivative Action").

(ECF No. 1, Case No. 2:22-cv-03620).  Both derivative suits are related to a class action filed in

this Court on July 26, 2022, which alleged violations of federal securities laws and regulations (the

"Securities Class Action").  (*See Crain v. Upstart Holdings, Inc.*, Case No. 2:22-cv-02935).

Plaintiffs OConnor and Chung now seek to consolidate their respective derivative actions pursuant

to Fed. R. Civ. P. 42(a)(2), appoint co-lead counsel, and stay the consolidated action pending the

resolution of the Securities Class Action.  (*See generally* ECF No. 20, Case No. 2:22-cv-02961).

This Court addresses each requested action in turn.

## II.      Analysis

### A.      Consolidation of Cases

Consolidation of cases is governed by Fed. R. Civ. P. 42(a), which gives a federal court

the authority to "join for hearing or trial any or all matters at issue in the actions" if "the actions

before the court have a common question of law or fact."  Consolidation of cases falls within the

discretion of the Court.  *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).  The

Sixth Circuit has advised district courts in the circuit, in determining whether to consolidate cases,

to consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by
> the risk of inconsistent adjudications of common factual and legal issues, the burden
> on parties, witnesses and available judicial resources posed by multiple lawsuits,
> the length of time required to conclude multiple suits as against a single one, and
> the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *cert denied*, 460 U.S. 1102

(1983))). Here, the OConnor Derivative Action and the Chung Derivative Action involve the same

nominal defendants and the same individual defendants (with one exception: Robert Schwartz is

named as Defendant in the OConnor Derivative Action but not the Chung Derivative Action),

share overlapping factual allegations, and "challenge substantially the same alleged conduct by the

same Company directors and executive officers." (ECF No. 20 at 4). To allow the cases to proceed

separately would result in a significant waste of judicial resources, as well as burdening the parties

and witnesses with excessive litigation.

Thus, the Court, without dispute from the parties, hereby consolidates the OConnor and

Chung Derivative Actions in the interests of judicial consistency and the conservation of judicial

resources.

### B.    Appointment of Co-Lead Counsel

The authority to appoint lead counsel in shareholder derivative actions is not found within

any statutory authority, but derives from the inherent authority of courts "to create an efficient

case-management structure." *Bloom v. Anderson*, 2020 WL 6710429, at *5 (S.D. Ohio Nov. 16,

2020) (quoting *N. Miami Beach Gen. Emps. Ret. Fund v. Parkinson*, 2011 WL 12465137, at *1–2

(N.D. Ill. July 5, 2011)); *see also In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988) (noting

the authority of district courts to structure the leadership of plaintiffs' counsel in complex

litigation). Courts in the Southern District of Ohio consider several factors upon a motion to

appoint lead counsel in derivative actions, including: "[(i)] the quality of the pleadings; (ii) the

vigorousness of the prosecution; (iii) the shareholder plaintiffs that have the largest economic stake

in the litigation; and (iv) the competence of counsel." *In re Wendy's Co.*, 2018 WL 6605394, at

*2 (S.D. Ohio Dec. 17, 2018) (citing *In re Gas Natural Inc.*, 2014 WL 12591684, at *1 (N.D. Ohio Mar. 7, 2014) (citing Fed. R. Civ. P. 23(g))).

In this case, Plaintiffs jointly seek to appoint their respective counsel as Co-Lead Counsel. (ECF No. 20 at 2).  Defendants do not object.  (*Id.*).  Additionally, the Parties have provided this Court with the resumes and profiles of the counsel that Plaintiffs seek to appoint.  Given the unanimity in Plaintiffs' desires, this Court **APPOINTS** Rigrodsky Law, P.A., and The Brown Law Firm, P.C., as Co-Lead Counsel in the consolidated action.

### C.      Request for Stay

A district court has the inherent power to manage its docket efficiently and, as a consequence, the authority to stay proceedings as necessary.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  But, in exercising that power, "a court must tread carefully . . . since  a party has a right to a determination of its rights and liabilities without undue delay."  *Ohio Env't Council v. U.S. Dist. Ct. S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977).  In deciding whether to grant a stay, courts consider factors such as: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be 'unduly prejudiced or tactically disadvantaged'; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court."  *Schobert v. CSX Transp., Inc.*, 504 F. Supp. 3d 753, 812 (S.D. Ohio 2020) (internal citations omitted).  This case is in its early stages, the parties have moved jointly indicating neither will be prejudiced, and a stay will conserve judicial resources while this Court adjudicates the related class action suit.

### III.    Conclusion

For these reasons, this Court **GRANTS** the parties' Joint Motion to Consolidate, Appoint Co-Lead Counsel, and Stay (ECF No. 20, Case No. 2:22-cv-02961; ECF No. 6, Case No. 2:22-cv-3620).  It is hereby **ORDERED** that:

1.    Defendants accept service of the complaints in the OConnor Derivative Action and the Chung Derivative Action to the extent that service has not yet been perfected on any Defendant.

2.    The OConnor Derivative Action and the Chung Derivative Action are hereby consolidated for all purposes, including pre-trial proceedings, trial, and appeal, under Case No. 2:22-cv-02961 (hereinafter, the "Consolidated Action").

3.    Every pleading filed in the Consolidated Action, or in any separate action included herein, will refer to the case name as: *In re Upstart Holdings, Inc., Derivative Litigation*; will refer to the case number: Lead Case No. 2:22-cv-02961; and will state that "This Document Relates to: ALL ACTIONS."

4.    All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 2:22-cv-02961.

5.    Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action will be:

**RIGRODSKY LAW, P.A.**
Timothy J. MacFall
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: tjm@rl-legal.com
Email: vl@rl-legal.com

**Trial Attorney**
Daniel R. Mordarski
Law Offices of Daniel R. Mordarski LLC

5 E. Long St., Suite 1100
Columbus, Ohio 43026
Telephone: (614) 221-3200
Facsimile: (614) 221-3201
Email: dan@mordarskilaw.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**Trial Attorney**
Stuart G. Storch Employment Law Partners, LLC
4700 Rockside Road, Suite 530
Independence, Ohio 44131
Telephone: (216) 382-2500
Facsimile: (216) 381-0250
Email: stuart@employmentlawpartners.com

6.      Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters

regarding pre-trial procedure, trial, and settlement negotiations and shall make all

work assignments in such manner as to facilitate the orderly and efficient

prosecution of this litigation and to avoid duplicative or unproductive effort.

7.      Co-Lead Counsel shall be responsible for coordinating all activities and

appearances on behalf of plaintiffs.  No motion, request for discovery, or other pre-

trial or trial proceedings will be initiated or filed by any plaintiffs except through

Co-Lead Counsel.

8.      Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or

other duly authorized representative of Co-Lead Counsel, and such agreements

shall be binding on all plaintiffs in the Consolidated Action.

9.  Except as noted below, all proceedings, including any motions practice, obligation to respond to the complaint and any amended complaint, and all discovery and disclosure obligations under the applicable local and federal rules, in the Consolidated Action are hereby stayed until the resolution of the Securities Class Action.

10. During the stay, Plaintiff may file consolidated and amended consolidated complaints, but Defendants need not answer, move, or otherwise respond thereto during the pendency of the stay.

11. Defendants shall promptly notify Plaintiffs of any related derivative actions that they become aware of.  Defendants shall promptly notify Plaintiffs if any related shareholder derivative action is not stayed for the same duration as the stay of the Consolidated Action.  Plaintiffs may lift the stay upon thirty (30) days' notice to Defendants' undersigned counsel by email in the event any related derivative action is not stayed for the same duration as the stay of the Consolidated Action.

12. During the pendency of the stay, Defendants shall promptly produce to Plaintiffs any documents produced in any related derivative actions or in any related threatened derivative matters (including to a shareholder who made a Section 220 books and records demand), subject to a mutually agreeable confidentiality agreement/protective order.

13. Plaintiffs shall be included in any mediation and in any formal settlement talks between the parties in the Securities Class Action, and in any mediation and in any formal settlement talks between the parties in any related derivative actions or

related threatened derivative matters that involve any of the Defendants named in this Consolidated Action.

14. Upon termination of the stay, Defendants shall not move to stay the Consolidated Action in deference to another derivative action.

15. Within twenty (20) days after the termination of the stay, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Consolidated Action.

16. The Proposed Order submitted herewith, if entered by the Court, shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Upstart Holdings, Inc. Derivative Litigation*, Lead Case No. 2:22-cv-02961, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, counsel shall call the attention of the Clerk of the Court to the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Upstart Holdings, Inc. Derivative Litigation*, Lead Case No. 2:22-cv-02961, and counsel to the Parties are to assist in assuring that counsel in subsequent actions receive notice of any applicable Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court.

17. All papers and documents previously filed and/or served in the OConnor Derivative

Actions or Chung Derivative Action shall be deemed a part of the record in the

Consolidated Action.

18. Nothing in this Motion shall be construed as a waiver of, or prejudice to, any claim,

defense, argument, motion, or any other request for relief that would otherwise be

available to the Parties in the Related Derivative Actions or the Consolidated

Action, including, but not limited to a motion to dismiss based on Upstart's forum

selection provision or similar motion.

Additionally, Plaintiff OConnor's First Motion to Stay (ECF No. 14, Case No. 2:22-cv-02961) is **DENIED AS MOOT**.

 **IT IS SO ORDERED.**

          **ALGENON L. MARBLEY**
          **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  December 12, 2022**

9